IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP W. PHILLIPS,

               Petitioner,                No. CIV S-09-3554 LKK GGH P

     vs.

S. SALINAS,

               Respondent.        FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed December 23, 2009.  Petitioner challenges the Board of Parole Hearings' July 21, 2008 denial of parole on the grounds that (1) the Board's decision violated due process, and (2) the passage and/or application of Proposition 9, permitting the Board to defer subsequent parole consideration hearings for longer periods than previously provided, violated petitioner's right to be free from ex post facto application of the laws.  Pending before the court is respondent's March 18, 2010 motion to dismiss petitioner's ex post facto claim on grounds that petitioner lacks standing to bring this claim and has not alleged a cognizable claim for federal habeas relief. After carefully reviewing the record, the undersigned recommends that respondent's motion be granted.

1

BACKGROUND

2           On June 3, 1986, the Fresno County Superior Court entered a judgment of

3   conviction against petitioner for second degree murder with use of a weapon.  (Petition (Ptn.) at

4   1.)  He was sentenced to a state prison term of 17 years to life.  (Id.)

5           On July 21, 2008, the Board of Parole Hearings denied petitioner's request for

6   parole.  (Ptn., Ex. C at 110.)  However, the Board noted that the denial was only "for one year"

7   and encouraged petitioner to prepare for his 2009 hearing, stating: "We think you're getting very

8   close."  (Id. at 112.)  The Board also offered  "guidelines" about what petitioner would be

9   required to show at the 2009 hearing to gain a favorable ruling at that time.  (Id. at 112-115.)

10          On February 18, 2009, petitioner filed a petition for writ of habeas corpus in the

11  Fresno County Superior Court challenging the Board's 2008 decision to deny him parole.  (Ptn.,

12  Ex. D at 122.)  As in the instant petition, petitioner challenged the 2008 decision on due process

13  grounds and ex post facto grounds related to the passage of Proposition 9.  (Id.)  On March 26,

14  2009, in a reasoned decision, the Superior Court denied petitioner's claims.  (Id. at 122-126.)

15          On April 29, 2009, petitioner filed a petition for writ of habeas corpus in the

16  California Court of Appeal, Fifth Appellate District.  (Ptn., Ex. E at 129.)  The record does not

17  indicate what grounds petitioner raised in this petition, which the Court of Appeal summarily

18  denied on June 19, 2009.  (Id.)  On November 19, 2009, the California Supreme Court summarily

19  denied a habeas petition filed by petitioner, which too was brought on grounds not indicated in

20  the record before this court.  (Ptn, Ex. F at 131.)

21          Petitioner filed the instant federal habeas petition on December 23, 2009.  (Doc.

22  #1.)  On March 18, 2010, respondent filed a motion to dismiss the ex post facto claim.[1]  (Doc.

23  #11.)  On April 6, 2010, petitioner filed an objection to the motion to dismiss.  (Doc. #12.)  In it,

24  petitioner stated that, in a September 2009 Board hearing, he had "received a Proposition 9 [five-

25

26          [1] Respondent did not concede exhaustion of that claim.

1   year] denial." (Id. at 3.)  On April 21, 2010, respondent filed a reply to the opposition to the

2   motion to dismiss.  (Doc. #13.)

3                                          ANALYSIS

4           Petitioner claims that the implementation of Proposition 9, passed in November

5   2008, violates the Ex Post Facto Clause because it significantly increases his risk of longer

6   incarceration.  (Ptn. at 15.)  On November 4, 2008, the California voters approved Proposition 9

7   (entitled Victims' Rights in Parole Proceedings, also known as Marsy's Law), which amends

8   California Penal Code section 3041.5 to permit the Board to defer subsequent parole

9   consideration hearings for longer periods than those provided in the former statute.  See Cal.

10  Penal Code § 3041.5.

11          Petitioner has not demonstrated any injury resulting from Proposition 9.  As

12  respondent points out, the parole determination from which petitioner seeks habeas relief

13  occurred in July 2008, nearly four months prior to the passage of Proposition 9.  (Ptn., Ex. C at

14  51, 110.)  At that time, California Penal Code section 3041.5 permitted parole officials to defer

15  an inmate's subsequent parole suitability for a maximum of five years, if it was determined there

16  was no reasonable probability the inmate would be deemed suitable for parole in the interim

17  period.  Cal. Penal Code § 3041.5(b)(2)(B).  At the 2008 hearing, the Board determined that

18  petitioner's next suitability hearing should take place in one year.  (Id. at 112, 114, 118.)

19          Therefore, the amendment to the statute has not been applied to petitioner and he

20  has not suffered any concrete and particularized injury.  See Iron Arrow Honor Soc'y v. Heckler,

21  464 U.S. 67, 70, 104 S.Ct. 373 (1983) (in order to satisfy Article III of the Constitution and

22  thereby bring a claim in federal court, litigant "must have suffered some actual injury that can be

23  redressed by a favorable judicial decision.")  Nor has the passage of Proposition 9 adversely

24  implicated the fact or duration of his sentence.  See Preiser v. Rodriguez, 411 U.S. 475, 485-486,

25  93 S.Ct. 1827 (writ of habeas corpus not available unless claims implicate the fact or duration of

26  confinement); Wilkinson v. Dobson, 544 U.S. 74, 78-79, 125 S.C. 1242 (2005) (same); Nelson v.

3

1  Campbell, 541 U.S. 637, 643, 124 S.C. 2117 (2004) (same).  Petitioner's view that Proposition 9

2  is the latest enactment in a 30-year legislative campaign to make it increasingly difficult for

3  inmates to obtain parole, cannot improve his claim for federal habeas relief.

4          Also unavailing is petitioner's claim to have suffered an injury due to Proposition

5  9 at his September 2009 parole hearing.  The instant petition, filed months before that hearing,

6  concerns the Board's 2008 denial of parole.  Moreover, petitioner has challenged only the 2008

7  decision in the state courts.  Before challenging the Board's 2009 decision on federal habeas

8  review, he must exhaust his claims regarding that decision in the state courts.  28 U.S.C. §

9  2254(b)(1) (exhaustion of state court remedies is a prerequisite to the granting of a petition for

10  writ of habeas corpus).  In sum, petitioner lacks standing to challenge the implementation of

11  Proposition 9 as an ex post facto violation.

12                                CONCLUSION

13          Accordingly, IT IS HEREBY RECOMMENDED that:

14          1. Respondent's motion to dismiss petitioner's ex post facto claim (Doc. #11) be

15  granted.

16          These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served and filed within fourteen days after service of the objections.  The parties are

22  advised that failure to file objections within the specified time may waive the right to appeal the

23  District Court's order.  Martinez v. Aalst, 951 F.2d 1153 (9th Cir. 1991).

24  DATED: 09/10/2010

                                        /s/ Gregory G. Hollows
25                                      _____
                                        UNITED STATES MAGISTRATE JUDGE
26  GGH:014 - phil3554.mtd

                                        4