IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILLIP W. PHILLIPS,

    Petitioner,                  No. CIV S-09-3554 LKK GGH P

    vs.

S. SALINAS, Warden,            FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254.  In 1986, petitioner pled guilty to charges of second degree murder and use of a firearm, and was sentenced to seventeen years to life.  The current petition challenges the Board of Parole Hearings' ("BPH") July 21, 2008 decision finding petitioner unsuitable for parole.

        Petitioner raises two claims in his petition: (1) the BPH's decision violates petitioner's due process rights because it is not supported by "some evidence" in the record of petitioner's current dangerousness; and (2) the application of Marsy's Law against petitioner violates the Ex Post Facto Clause.

        On March 14, 2011, this court granted respondent's motion to dismiss Claim Two, finding that the petitioner lacked standing to raise his Ex Post Facto argument because

1

Marsy's Law went into effect after the 2008 hearing which is the subject of this petition. These findings and recommendations accordingly address Claim One only; namely, whether the BPH's 2008 decision violated petitioner's due process rights. For the reasons set forth below, the undersigned recommends that the petition be denied.

Background

On the evening of January 18, 1980, petitioner and two associates entered a residence near Caruthers with the intent of robbing the occupants. Doc. No. 1, Ex. A at 34.[1] During the commission of the crime, one of the occupants was stabbed to death. Id.[2] On May 6, 1986, petitioner pled guilty to having violated California Penal Code (CPC) 187, Second Degree Murder, and CPC 12022.5, Use of a Firearm. Id. On June 3, 1986, the Fresno County Superior Court entered a judgment of conviction against petitioner, and on June 18, 1986, petitioner was sentenced to a term of seventeen years to life. See Doc. No. 1 at 1; Doc. No. 19, Ex. 1 at 3.

On July 21, 2008, the Board of Parole Hearings ("BPH") denied petitioner's request for parole. Doc. No. 1, Ex. C at 110. The BPH found that petitioner was unsuitable for parole, and that petitioner would pose an unreasonable risk of danger to society, or threat to public safety, if released from prison at that time. Id. In explaining their decision, the BPH members noted that: (1) the offense was carried out in an especially cruel and callous manner, and that the motive for the attacks was trivial in relation to the offense; (2) petitioner's criminal history reflected an escalating pattern of criminal conduct and/or violence, and that petitioner failed previous grants of probation and parole and cannot be counted on to avoid criminality; (3) petitioner's parole plans were not sufficiently specific; and (4) petitioner did not show sufficient remorse. Id. at 110 - 118.

---

[1] Citations are to page numbers assigned by CM/ECF.

[2] The description of the controlling offense is taken from the Forensic Mental Health Assessment for the Board of Parole Hearings, dated May 21, 2008. The assessment takes its description from the Probation Officer's Report, which is not part of the current record.

On February 18, 2009, petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court challenging the Board's 2008 decision to deny him parole. Doc. No. 1, Ex. D at 122.; Doc. No. 19, Ex. 1 at 2. As in the instant petition, petitioner challenged the 2008 decision on due process grounds and ex post facto grounds related to the passage of Proposition 9, or Marsy's Law. Id. On March 26, 2009, in a reasoned decision, the Superior Court denied petitioner's claims, finding, inter alia, some evidence to support the unsuitability decision. Doc. No. 1, Ex. D at 122-126.

On April 29, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. Doc. No. 19, Ex. 3 at 2. Before the Court of Appeals, petitioner raised the due process and ex post facto claims that he raises in his current petition. Id. at 2-22. The Court of Appeal summarily denied the petition on June 19, 2009, citing In re Lawrence, 44 Cal.4th 1181 (2008) and In re Shaputis, 44 Cal. 4th 1241 (2008). Doc. No. 1, Ex. E; Doc. No. 19, Ex. 4. On June 26, 2009, petitioner filed a habeas petition in the California Supreme Court, again raising the due process and ex post facto claims at issue in the current petition. Doc. 19, Ex. 5 at 14. On November 19, 2009, the California Supreme Court summarily denied the habeas petition. Doc. No. 1, Ex. F.

Petitioner filed the instant federal habeas petition on December 23, 2009.[3] Doc. No. 1. On March 18, 2010, respondent filed a motion to dismiss the ex post facto claim, which this court granted on March 28, 2011. Doc. Nos. 11, 14, 18. The petition now proceeds only on petitioner's due process claim; namely, that:

> [t]he denial of parole suitability is not supported by any evidence in the record that proved that Petitioner is an unreasonable risk of danger to society of released from prison on supervised parole, or is a current risk, thus denying petitioner's right to Due Process/Liberty Interest. The Superior Court erred in their decision to deny [this claim], coupled with the Appeals and California Supreme Court Summary Denials, render the State Courts

---

[3] Respondent admits that petitioner's due process claim is exhausted and that the petition is timely. Doc. No. 19, at 2, ¶¶ 6-7.

3

      Decisions Unreasonable in light of the facts of the case and both
      Contrary to and Unreasonable to Clearly established Federal Law.

Doc. No. 1 at 5.

<u>Relevant Authority</u>

   On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" <u>Id.</u> While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[4] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

<u>Swarthout v. Cooke</u>, at 862.

\\\\

\\\\

---

[4] While not specifically overruling <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced <u>Pearson v. Muntz</u>, 606 F.3d 606 (9th Cir. 2010), which further explained <u>Hayward</u>. Thus, the Supreme Court's decision in <u>Swarthout</u>, essentially overruled the general premise of <u>Hayward</u>. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See <u>Miller v. Gammie</u>, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." <u>Miller</u>, 335 F.3d at 899 (quoting <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by <u>Hayward</u>.

4

Citing Greenholtz,[5] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." Id., at 862. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard. The Ninth Circuit has agreed post-Swarthout. See Roberts v. Hartley, 640 F.3d 1042, 1045–47 (9th Cir. 2011).

Petitioner does not allege that he was denied any of the due process required under Swarthout and Greenholz. A review of the record confirms that petitioner participated in the parole hearing, with counsel, that he was allowed an opportunity to be heard, and that he was provided with a statement of the reasons why parole was denied. See Doc. No. 1, Ex. C. Accordingly, petitioner's claims that the evidence before the BPH was insufficient to support their determination that he was unsuitable for parole, and therefore violated his due process rights, are foreclosed by the Supreme Court's decision in Swarthout.

---

[5] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

DATED: November 10, 2011

  /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
phil3554.fr